**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

JANET S. GUTHRIE,

*Plaintiff-Appellant,*

v.

BLUE RIDGE SAVINGS BANK,
INCORPORATED,

*Defendant-Appellee.*

No. 00-2189

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CA-00-92-1)

Submitted: November 9, 2000

Decided: November 17, 2000

Before WILKINS, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Janet S. Guthrie, Appellant Pro Se. William Andrew Parker, LONG, PARKER, WARREN & JONES, P.A., Asheville, North Carolina; Kimberly Anderson Lyda, HARTSELL, HARTSELL & WHITE, Concord, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Janet S. Guthrie appeals the district court's adoption of the magistrate judge's recommendation, and its dismissal of her retaliation action filed pursuant to 42 U.S.C.A. § 2000e (Title VII) (West Supp. 2000), against Blue Ridge Savings Bank (Blue Ridge), her former employer. The district court dismissed the suit on the ground that the time lapse between Guthrie's filing of the charge of discrimination on which she based her current retaliation action, and her placement on administrative leave and ultimate termination, was too great to establish a prima facie case of retaliation.

To prevail on her Title VII retaliation claim, Guthrie must satisfy the three step proof scheme established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and is required to prove that: (1) she engaged in a protected activity; (2) an adverse employment action was taken against her; and (3) there was a causal connection between the first two elements. *Hopkins v. Baltimore Gas & Elec. Co.*, 77 F.3d 745, 754 (4th Cir. 1996).

We agree with the district court that Guthrie's action is subject to dismissal for lack of a causal connection. "To satisfy the third element, the employer must have taken the adverse employment action because the plaintiff engaged in a protected activity." *Dowe v. Total Action Against Poverty*, 145 F.3d 653, 657 (4th Cir. 1998). Here, Guthrie asserts that she was placed on administrative leave, and ultimately fired, based upon her filing an EEOC complaint almost three years earlier. This time lapse "negates any inference that a causal connection exists between the [filing of the EEOC charge and termination]." *Id.*

Accordingly, we agree with the district court that Guthrie cannot establish the necessary causal connection to support a prima facie

case, and we find that the district court did not err in granting Blue Ridge judgment as a matter of law. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*